IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, | : : : : |
| Plaintiff, | : Civil Action No. _____ : : JURY TRIAL DEMANDED |
| v. | : : |
| ELECTROLUX HOME PRODUCTS, INC., ELECTROLUX CONSUMER PRODUCTS, INC. and ELECTROLUX NORTH AMERICA, INC., | : : : : : |
| Defendants. | : |

## **COMPLAINT**

Plaintiff Great Northern Insurance Company ("Great Northern"), as and for its claim for relief against the defendants, Electrolux Home Products, Inc., Electrolux Consumer Products, Inc., and Electrolux North America, Inc. (all of which shall hereafter be referred to collectively as "Electrolux"), states:

1. Plaintiff Great Northern Insurance Company is an Indiana corporation with its principal place of business at 202B Halls Mill Road, Whitehouse Station, New Jersey 08889.

2. Defendant Electrolux Home Products, Inc.is a Delaware corporation with its principal place of business at 10200 David Taylor Drive, Charlotte, North Carolina 28262.

3. Defendant Electrolux Consumer Products, Inc.is a Delaware corporation with its principal place of business at 10200 David Taylor Drive, Charlotte, North Carolina 28262.

4. Defendant Electrolux North America , Inc.is a Delaware corporation with its principal place of business at 10200 David Taylor Drive, Charlotte, North Carolina 28262.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff and defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

6. Prior to January 4, 2024, Great Northern issued its policy number 001037119502 (the "Subject Policy") which insured a house owned by Carol V. Allen located at 2933 Potshop Road, Worcester Township, PA 19403 (the "Subject Property").

7. On January 4, 2024, a fire occurred in the Subject Property (the "Subject Fire"), resulting in damage to the Subject Property and its contents, and caused Ms. Allen to incur other damages, costs and expenses..

8. Ms. Allen duly made claim under the Subject Policy for the damage caused by the Subject Fire and Great Northern duly made payment to Ms. Allen, or for her benefit, in the total amount of $1,569,993.18 for the damages which resulted from the Subject Fire.

9. The Subject Fire was caused by the catastrophic malfunction of a Frigidaire chest freezer manufactured, distributed and sold by Electrolux, or by Electrolux's predecessor in interest, for which Electrolux is legally liable (the "Subject Freezer").

10. Under and pursuant to the terms of the Subject Policy and otherwise by operation of law, and to the extent of its payments under the Subject Policy, Great Northern is duly subrogated to its policyholder's rights against Electrolux for the damages caused by the Subject Fire.

## **COUNT I – NEGLIGENCE**

11. Great Northern restates and realleges paragraphs 1 through 10, above..

12. The Subject Fire and resulting damages were caused by the negligence of Electrolux, including but not limited to failing to properly manufacture and design the Subject

2

Freezer so as to prevent the Freezer from catastrophically malfunctioning under ordinary and normal use, in failing to warn against the risk of catastrophic failure under foreseeable circumstances, and in otherwise failing to exercise reasonable care under the circumstances.

## COUNT II – STRICT LIABILITY

13. Great Northern restates and realleges paragraphs 1 through 12, above.

14. Electrolux designed, manufactured, distributed and sold the Subject Freezer in a defective and unreasonably dangerous condition for which it is strictly liable pursuant to the Restatement (Second) of Torts §402A, as applied by the Courts of Pennsylvania.

15. The defective condition of the Subject Freezer existed when it was distributed and sold by Electrolux.

16. As a result of the defective condition of the Subject Freezer, the catastrophic malfunction of the Subject Freezer and the resultant fire occurred.

WHEREFORE, Plaintiff Great Northern Insurance Company demands judgment against Defendants Electrolux Home Products, Inc., Electrolux Consumer Products, Inc., and Electrolux North America, Inc. in the amount of $1,569,993.18, together with damages for delay and such other pre-judgment interest as is provided by law, and costs of this action

                                                  COZEN O'CONNOR

Date: December 31, 2025                /s/ Daniel Q. Harrington
                                      By:   Daniel Q. Harrington
                                                  1650 Market Street, Suite 2800
                                                  Philadelphia, PA  19103
                                                  215-665-2126
                                                  dharrington@cozen.com
                                                  *Counsel for Plaintiff Great Northern Insurance Company*